IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL C. SANFORD, #344861 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv190 |
| DIRECTOR, TDCJ-CID | § | |

O R D E R

The above-entitled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Petitioner has filed objections.

Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Specifically, Petitioner contends that the Court should determine that (1) he is entitled to jail time credit for the time he served while the state of Texas placed a detainer against him in both state and federal penitentiaries in Ohio and (2) that the Texas Board of Pardons and Paroles ("BPP") impermissibly used an 11-year old conviction pursuant to a guilty plea to revoke his parole after declining to extradite him from Ohio on at least two occasions. In both cases, Petitioner relies on or seeks interpretations of Texas law that are not up to this federal Court to determine. As Petitioner himself admits, it is not the function of a federal court in a habeas proceeding to review a state's interpretation of its own law. *See Arnold v. Cockrell*, 306 F.3d 277,

279 (5th Cir 2002) (per curiam). Here, Petitioner has presented his arguments to the Texas Court of Criminal Appeals, which has denied his claims. Petitioner does rely in part on *Cronn v. Burkhart*, 830 F. Supp. 946 (N.D. Tex.) as part of his second claim for the proposition that he was not given a timely revocation hearing after Texas issued a fugitive warrant against him. However, *Cronn* is a federal case dealing with a federal prisoner under federal statutory law, not a Texas state prisoner under Texas law. It is inapposite here.

Petitioner also cites *Morrisey v. Brewer*, 408 U.S. 471, 485, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) in the same regard. However, there, the Supreme Court stated the view that after a parolee is arrested, a preliminary evaluation should be made of the basis for believing the conditions of parole have been violated. There is nothing in Petitioner's argument to suggest that the Texas BPP did not do so in its determination to proceed with parole revocation. Further, as the Magistrate Judge found, the explicit due process requirements enumerated in *Morrisey* for revocation procedures, including (1) written notice, (2) disclosure of evidence, (3) the opportunity to be heard in person and present witnesses and evidence, (4) the right to confront and cross-examine adverse witnesses, (5) a neutral and detached hearing officer, and (6) a written statement of the decision, *id*. at 489, were all met in Petitioner's case. Further, the Magistrate Judge found "some evidence" to support revocation - namely, Petitioner's admission of guilt as to the bank fraud charge. *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993) (per curiam). Therefore, the due process requirements have been met in this case. Petitioner's contentions are without merit. It is therefore

**ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 27th day of April, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE